NELLIE BURSON, APPELLEE, v. CHARLES W. PERCY,
APPELLANT.

FILED DECEMBER 7, 1906. No. 14,515.

Evidence examined, and found to support the findings and judgment
of the district court.

APPEAL from the district court for Sioux county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*A. W. Crites,* for appellant.

*D. B. Jenckes* and *Grant Guthrie, contra.*

AMES, C.

There was a small stream of water that was wont to
flow through lands of both the plaintiff and defendant,
and also through an intermediate tract, the lands of de-
fendant being nearest its source. This is an action to re-
strain the defendant from diverting and consuming the
waters of said stream upon his own land so as to wholly
deprive the plaintiff of the use thereof for domestic and
agricultural purposes. Although the answer contains a
general denial, the sole real defense is that of adverse pos-
session, it being alleged in the answer, and sought to be
established by evidence, that the defendant had thus
wholly diverted the waters of the stream and enjoyed the
exclusive use of them under claim of right and owner-
ship for more than ten years prior to the beginning of
the action. A large number of witnesses were sworn and
testified, and their testimony is in some respects conflict-
ing. We cannot conceive that any useful purpose would
be subserved by setting forth the evidence *in extenso,* or
by a comprehensive review and criticism of it in a judicial
opinion by the court. The cause was submitted without
oral argument, and we do not gather from the briefs of
counsel that there was any dispute either as to the suf-

ficiency of the defense, if it is established by the evidence, or as to the character of evidence requisite to that end.

The sole question is as to the preponderance of the evidence upon certain vital points, and mainly as to the length of time during which the admittedly adverse user has been enjoyed. The trial court, who heard the testimony, all of which was given in open court, found that the period was of less than ten years prior to the date of the beginning of the action, and perpetually restrained the defendant from consuming more than two-thirds of the water or diverting more than that portion thereof from the stream at the point of departure of the latter from his lands, with leave, however, to either party to make future application to the court for a modification of the decree with respect to the quantity of water of which the defendant should be permitted to make exclusive appropriation, or which should be permitted to flow over the lands of the plaintiff, for use for domestic and agricultural purposes. This decree, as a consequence of the facts found, appears to us to be in exact harmony with the rule announced by this court in *Meng v. Coffee*, 67 Neb. 500, and, as respects the facts, we think it ought to suffice to say that we have made a careful investigation of them, as disclosed by the record, and have not been led to the opinion that the trial court erred in his conclusion with reference to them.

We therefore recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.